J-S32012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FREDERICK DEMON DEAN | : | |
| | : | |
| Appellant | : | No. 575 WDA 2021 |

Appeal from the PCRA Order Entered April 16, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003379-2014

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED:  December 10, 2021**

Frederick Demon Dean appeals *pro se* from the order, entered in the Court of Common Pleas of Erie County, denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

This Court previously summarized the facts of this case as follows:

The record reflects that shortly before 9:00 p.m. on  August 26, 2014, SWAT officers on a vehicle patrol detail observed [Dean] walking northbound on a sidewalk in the 1100 block of Wayne Street in Erie.  The sidewalk runs alongside the parking lot of TJ's bar.  The officers observed [Dean] walking toward a house located next to that parking lot.  Immediately after the patrol  vehicle passed [Dean], officers heard a gunshot coming from the direction where they had just observed [Dean]. No other individuals were in the area.  The officers stopped the cruiser, exited, and began looking for [Dean].  The officers then found a gun in the backyard of the house that they observed [Dean] walking toward.  A grass strip measuring approximately 10 to 15 feet separates the parking lot of TJ's bar from that particular house. The officers then went into TJ's bar to look for [Dean].   The bartender told  the officers that [Dean] was

in the back of the kitchen hiding in a closet. The officers found [Dean] sitting in a utility closet. The utility closet contained a sink. [Dean] was completely wet. Officers instructed [Dean] to show them his hands. [Dean] refused and began kicking the officers. [Dean] was tased and then taken into custody. During this incident, [Dean], without provocation, stated, "I wasn't shooting at you guys. If this goes away[,] I'll give you whatever you want. I know several drug dealers from Detroit." Surveillance footage corroborated law enforcement's version of events. It also revealed that [Dean] was wearing a hat when police officers initially observed him prior to the shot being fired. When he entered TJ's bar, however, [Dean] was no longer wearing the hat. Surveillance footage established that prior to entering TJ's bar, [Dean] walked into the area where the gun was found and made a "throwing motion" over a 6–foot stockade fence. Officers subsequently recovered the hat on the ground on the other side of the stockade fence from where officers observed [Dean] making the "throwing motion." A baggie of heroin was tucked inside the hat.

*Commonwealth v. Dean*, 159 A.3d 590, (Table) [2016 WL 6805459, at *1] (Pa. Super. filed Nov. 17, 2016) (unpublished memorandum).

On June 17, 2015, following a jury trial, Dean was convicted of persons not to possess firearms, carrying a firearm without a license, resisting arrest, possession of an instrument of crime (PIC), possession of controlled substances, and possession of drug paraphernalia.[1] On August 17, 2015, the court sentenced Dean to a term of 60 to 120 months' imprisonment for persons not to possess firearms, a consecutive term of 12 to 24 months' imprisonment for possession of controlled substances, and a consecutive term of nine to 24 months' imprisonment for resisting arrest. The court imposed concurrent sentences on the remaining charges. Dean subsequently

_____

[1] *See* 18 Pa.C.S.A. §§ 6105, 6106, 5102, and 907, and 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

filed a *pro se* post-sentence motion on August 18, 2015, a waiver of counsel on August 31, 2015, and a *pro se* notice of appeal on September 10, 2015. Following Dean's request for appointment of counsel on March 18, 2016, and a trial court colloquy on the same, trial counsel was permitted to withdraw, and new counsel was appointed. On direct appeal, Dean challenged the sufficiency of the evidence for his firearms and PIC convictions. A panel of this Court affirmed, concluding the issue was waived for being undeveloped in Dean's appellate brief. **See Dean**, **supra**. Two judges filed a concurring statement indicating that the issues, even if they were not waived, were meritless. **See id.** The Pennsylvania Supreme Court denied Dean's petition for allowance of appeal on June 1, 2017.

On August 2, 2017, Dean, *pro se*, filed a timely PCRA petition. Following a **Grazier**[2] hearing on August 28, 2017, the PCRA court issued notice of its intent to dismiss Dean's petition without a hearing pursuant to Pa.R.Crim.P. 907; Dean filed three *pro se* responses. On November 9, 2017, the PCRA court entered an order denying relief, and Dean timely appealed to this Court. On August 28, 2019, this Court affirmed the denial of PCRA relief. Specifically, we concluded that Dean's challenges to the sufficiency and weight of the evidence were previously litigated and waived, respectively, and that Dean's bald assertion that trial counsel was ineffective for failing "to use . . . [gunshot residue] testing of his clothing" was insufficient to warrant relief where the record contained no support for his allegation that the police tested his

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

clothing for gunshot residue. *See Commonwealth v. Dean*, 37 WDA 2018, at 8-9 (Pa. Super. filed Aug. 29, 2018) (unpublished memorandum) (*Dean II*). We further noted that, although Dean's claim that counsel's failure to cite any authority in the appellate brief, resulting in waiver of his sufficiency challenge, was of arguable merit, and counsel could have had no reasonable basis for his actions, Dean failed to demonstrate the third prong of the ineffectiveness test, prejudice, where two of the three judges on direct appeal concluded that even if Dean's sufficiency claim were not waived, he would be entitled to no relief. *Id.* at 9-10.

On December 7, 2020, Dean filed a second, albeit untimely, PCRA petition *pro se*, alleging ineffective assistance of trial counsel and an illegal sentence. That same day, the PCRA court filed its Rule 907 notice of intent to dismiss the petition without a hearing, finding that Dean failed to plead and prove an exception to the PCRA's time-bar. On January 15, 2021, the PCRA court issued a final order dismissing the petition. Dean timely filed an appeal to this Court, but discontinued the appeal on March 9, 2021.

On March 17, 2021, Dean filed the instant petition, his third, *pro se*. Therein, Dean alleged eligibility for PCRA relief based on his innocence, after-discovered exculpatory evidence, ineffective assistance of counsel, an illegal sentence, and a *Brady*[3] violation. On March 22, 2021, the PCRA court issued its Rule 907 notice of intent to dismiss the petition, and on April 16, 2021, the petition was dismissed. Dean filed a notice of appeal to this Court on May 6,

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

2021, followed by a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal raising the following issues for our review:

1. [Whether t]rial counsel was ineffective for stipulating to the forensic report prepared by forensic expert Corporal Burlingame without him being physically present to be effectively confronted and cross-examined as guaranteed in the 6th Amendment of the United States Constitution and also the Pennsylvania Constitution.

2. Did the Commonwealth fail[] to disclose evidence favorable to [Dean] [by] not submitting item TAG #55191 AG . . . as required by *Brady*?

3. Did the sentence[ing] court err[] in giv[ing Dean] an illegal sentence[ where] the sentence to count[s five] and [six] fell outside of [] legal parameters, [and] did the sentenc[ing] court err when it did not appl[y] merger/double jeopardy [to] counts [five through ten]?

Rule 1925(b) Statement, 5/18/21. In his appellate brief, however, Dean purports to raise the following issues:

1. The evidence in this case was insufficient to prove . . . [PIC] and firearms to be carried without a license[.]

2. Whether the Commonwealth . . . committed a *Brady* violation in failing to disclose the very exculpatory scientific evidence that demonstrates his actual innocence?

3. Whether [counsel was ineffective for] fail[ing] to produce/present exculpatory scientific evidence [of] the DNA swab sample [and] touch DNA testing compared to the allege[d] handgun?

4. Whether the sentenc[ing] court erred when it handed down an illegal sentence and when it did not appl[y] merger/Double Jeopardy to counts [five through ten and] failed to appl[y] the *Blockburger* Double Jeopardy analysis?

5. Whether [the PCRA court] err[ed] in failing to address the clams that were [] incorporated in [Dean's *pro se* second PCRA petition].

Brief of Appellant, at 3-4.

- 5 -

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018). We are bound by a PCRA court's credibility determinations, but with regard to a court's legal conclusions, we apply a *de novo* standard. **Id.** Before reaching the issues that Dean raises in his appellate brief, however, we must first ascertain whether the PCRA court correctly determined that his PCRA petition was untimely filed. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (PCRA time limit is jurisdictional; court may only review untimely petition if statutory exception applies).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).[4] A PCRA petition invoking one of these

---

[4] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

*(Footnote Continued Next Page)*

statutory exceptions must be filed within sixty days from the date the claim arises. *See id.* at § 9545(b)(2).[5] Under the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). "When a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Shiloh*, 170 A.3d 553, 557 (Pa. Super. 2017).

Here, Dean's judgment of sentence became final upon the expiration of the 90-day period following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on June 1, 2017, when the time for seeking discretionary review with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13.[6] Therefore, Dean had until August 30, 2018, to file a timely

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. Here, Dean raises claims stemming from his 2015 jury trial and sentencing. Therefore, the 60-day deadline applies.

[6] *See also* 42 Pa.C.S.A. § 9545(b)(3) (judgment is deemed final "at the conclusion of direct review . . . or at the expiration of time for seeking review."); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (judgment is
*(Footnote Continued Next Page)*

- 7 -

PCRA petition. The instant petition, filed over two years later, is patently untimely. Accordingly, Dean must plead and prove that one of the statutory timeliness exceptions applies, and he must have filed the instant petition within sixty days of the date the claim could have been brought. 42 Pa.C.S.A. §§ 9545(b)(1)-(2).

Instantly, we note, as we did upon review of Dean's second *pro se* PCRA petition, that Dean's *pro se* brief contains a "rambling and disjointed argument." **See Dean II**, **supra** at 6; **see also** Brief of Appellant, at 9-21. We previously cautioned Dean that:

> "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003)[.] "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray**, 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* **Vann v. Commonwealth Unemployment Compensation Bd. of Review**, 494 A.2d 1081, 1086 (Pa. 1985). We cannot serve as Dean's counsel, and will not litigate claims for him.

**Dean II**, **supra** at 6-7.

In both his *pro se* PCRA petition and appellate brief, Dean fails to plead and prove an exception to the PCRA's time-bar under section 9545(b). His sole argument relating to the timeliness of his petition is that "[Dean] has an actual innocence claim of arguable merit [and there] is no time bar on a[n]

_____

deemed final ninety days after Pennsylvania Supreme Court denies petition for allowance of appeal, since defendants have ninety days to seek review with United States Supreme Court).

actual innocence claim." Brief of Appellant, at 21. We disagree. ***See*** 42 Pa.C.S.A. §§ 9545(b).

It is well-settled that "[the PCRA's] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Because Dean has failed to plead and prove an exception to the PCRA's time-bar under section 9545(b), the PCRA court properly dismissed his serial petition as untimely. ***Id.***; ***see also Murray***, ***supra***.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/10/2021